192 P.3d 1116

**STATE of Idaho, ex rel. CITY OF SANDPOINT, Plaintiff–Respondent,**

v.

**Tammy L. WHITT, Defendant–Appellant.**

No. 34584.

Court of Appeals of Idaho.

Sept. 4, 2008.

Isabella C. Robertson, Bonner County Public Defender, Sandpoint, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Tammy L. Whitt appeals from the district court's order affirming the magistrate's denial of her motion to amend judgment of conviction. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Whitt was originally charged with driving under the influence (DUI) and four counts of misdemeanor injury to a child. Whitt entered a guilty plea to DUI and one count of misdemeanor injury to a child on March 21, 2000, and the remaining charges were dis-

missed. In July 2000, the magistrate entered a judgment of conviction on both offenses, suspended Whitt's sentences, and placed Whitt on two years of supervised probation. In April 2003, Whitt's probation officer filed his closing report releasing Whitt from probation and his report concluded that there were no probation violations.

On July 15, 2005, Whitt sent a letter to the magistrate requesting that her judgment of conviction for the charge of injury to a child be expunged from her record. The magistrate entertained argument regarding Whitt's motion to expunge and entered an order denying Whitt's request. Whitt then sent the magistrate another letter asking the magistrate to reconsider the denial of her motion to expunge. The magistrate denied Whitt's motion for reconsideration. Whitt did not then appeal.[1]

On December 28, 2005, Whitt filed a pro se motion to amend her judgment of conviction asking the magistrate to grant her a withheld judgment for injury to a child. A hearing was held, and Whitt testified that the reason she sought a withheld judgment was because she was attempting to adopt her grandchildren, and the injury to a child conviction on her record was hindering the adoption process. After hearing argument, the magistrate denied Whitt's motion, concluding it did not have jurisdiction to grant a withheld judgment almost six years after Whitt's judgment of conviction was entered.

Whitt was appointed an attorney and appealed the denial of her motion to amend to the district court. The district court concluded that, because there was no statute of limitation in I.C.R. 33(d)[2], I.C. § 19–2604(1)[3]

---

1. In this appeal, Whitt does not challenge the magistrate's order denying her request to expunge her record or the denial of her request to reconsider the motion to expunge.

2. Idaho Criminal Rule 33 provides, in pertinent part:

(d) Commutation of sentence and suspending or withholding judgment, conditions. For an offense not punishable by death, the district court or the magistrates division may commute the sentence, suspend the execution of the judgment, or withhold judgment, and place the defendant upon probation as provided by law and these rules.

3. Idaho Code Section 19–2604(1) provides, in pertinent part:

If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, ... the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant. . . .

nor Misdemeanor Criminal Rule 10, the magistrate possessed jurisdiction to decide Whitt's motion on the merits. However, the district court held that the magistrate impliedly denied Whitt's motion to amend by previously denying the motion to expunge. Whitt again appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct.App.2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Issues of subject matter jurisdiction present questions of law over which we exercise free review. *State v. McCarthy*, 133 Idaho 119, 122, 982 P.2d 954, 957 (Ct.App.1999).

## III.

## ANALYSIS

Whitt argues that the magistrate abused its discretion in denying Whitt's motion to amend her judgment of conviction for injury to a child to a withheld judgment. Specifically, Whitt argues that, because Misdemeanor Criminal Rule 10 does not impose a statute of limitation on obtaining a withheld judgment, the magistrate had jurisdiction to grant Whitt a withheld judgment and abused its discretion in denying her motion. The state counters that the magistrate lacked jurisdiction[4] to grant Whitt's motion to amend judgment.

Misdemeanor Criminal Rule 10 provides, in pertinent part:

(a) Conditions Considered in Granting Withheld Judgments. Before granting any withheld judgment pursuant to section 19–2601, Idaho Code, in the magistrates division, the court must consider:

(1) All the facts and circumstances surrounding the offense with which the defendant is charged; and,

(2) Whether the defendant is a first offender; and,

(3) The previous actions and character of the defendant; and,

(4) Whether the defendant might reasonably be expected to be rehabilitated; and,

(5) Whether it reasonably appears that the defendant will abide by the terms of the probation; and,

(6) The interests of society in being protected from possible future criminal conduct of the defendant; and,

(7) The impact a record of a criminal conviction would have upon the defendant's future development and/or employment status.

In concluding that the magistrate possessed jurisdiction to rule on the merits of Whitt's motion, the district court relied on *Housley v. State*, 119 Idaho 885, 811 P.2d 495 (Ct.App.1991). In *Housley*, approximately ten years after a judgment of conviction was entered, the defendant moved pursuant to I.C. § 19–2604(2) to have his felony reduced to a misdemeanor. We noted that the purpose of I.C. § 19–2604(2) was to create a special vehicle by which a successful probationer convicted of a felony could move to have it reduced to a misdemeanor. *Housley*, 119 Idaho at 890, 811 P.2d at 500. Because it would be possible for the appeal time to begin running before a felon wishing to take advantage of I.C. § 19–2604(2) completed probation, we determined that neither the 120–day statute of limitation for an I.C.R. 35 motion nor the statute of limitation for a

---

4. Although the parties discuss this issue as a matter of jurisdiction, we are not entirely convinced that jurisdiction is the proper term for the magistrate's authority to address Whitt's motion, *see State v. Armstrong*, Docket No. 33868, 195 P.2d 731, 2008 WL 3540369 (Ct.App. Aug. 15, 2008). In any event, we are able to resolve the question of the trial court's power without determining whether the matter is "jurisdictional."

post-conviction application applied in Housley's case. Therefore, we concluded that, "unless the state can show that it has been caused substantial prejudice by Housley's delay of ten years in filing his motion under I.C. § 19–2604, the motion must be considered timely." *Housley,* 119 Idaho at 890, 811 P.2d at 500.

*Housley* has no application here because it was addressing the trial court's power under I.C. § 19–2604(2), which expressly authorizes courts to amend a felony judgment of conviction to a misdemeanor after a defendant's completion of probation. That statute clearly contemplates that such modifications would occur long after the judgment became final and otherwise unalterable. Whitt is not seeking relief under I.C. § 19–2604 with this special authorization of post-judgment orders; rather, she seeks amendment of her judgment to a withheld judgment order pursuant to M.C.R. 10.[5]

■ Except in matters where the court has inherent power, the sentencing court has only the authority granted by the legislature. *State v. Funk,* 123 Idaho 967, 969, 855 P.2d 52, 54 (1993). In *Funk,* the defendant pled guilty and the district court sentenced him, but it retained jurisdiction for 120 days. At the completion of the retained jurisdiction period, the district court suspended Funk's sentence and placed him on probation. At that time, the district court told Funk that if he successfully completed probation he would be allowed to withdraw his guilty plea. On appeal, the Supreme Court began by examining I.C. § 19–2604(2), which provides that a district court may sentence a defendant; retain jurisdiction; place the defendant on probation; and, if probation is successfully completed, reduce a felony to a misdemeanor. However, because it was not contained in the statute, the Supreme Court determined that the sentencing court did not possess the authority to dismiss Funk's case after he successfully completed probation. *Id.* The Idaho Supreme Court, in evaluating the district court's attempt to allow Funk to withdraw his guilty plea after successfully completing

probation, later described the process as in effect granting a withheld judgment after the fact. *State v. Branson,* 128 Idaho 790, 793, 919 P.2d 319, 322 (1996).

■ When a judgment is withheld pursuant to I.C. § 19–2601, there is no sentence actually imposed upon the defendant and, more importantly, no judgment of conviction is entered. *Branson,* 128 Idaho at 793, 919 P.2d at 322. The option of a withheld judgment is provided to the sentencing court in order to spare the defendant, particularly a first-time offender, the burden of a criminal record. *Id.*

In this case, Whitt is attempting to do what the Supreme Court described as obtaining a withheld judgment after the fact. Although M.C.R. 10 does not specify a time limit, it is clear from the language of the rule that it contemplates withholding judgment before a period of probation is granted and before a judgment of conviction is entered.

■ The plain language of M.C.R. 10 does not provide a vehicle by which a defendant may move for a withheld judgment almost six years after a judgment of conviction is entered. Accordingly, we hold that the magistrate lacked authority to grant Whitt's motion. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984). Although we conclude that the district court incorrectly determined the magistrate possessed the authority to entertain Whitt's motion to amend to a withheld judgment, we affirm the district court's ultimate order denying Whitt's motion.

## IV.

## CONCLUSION

The district court incorrectly determined that the magistrate possessed the authority

---

5. Whitt's July 15, 2005, motion for expungement of her record may have been brought under I.C. § 19–2604(1), but Whitt took no appeal from the magistrate's denial of that motion and we therefore do not address it.

to entertain Whitt's motion to amend her judgment almost six years after a judgment of conviction was entered. However, the district court correctly affirmed the denial of Whitt's motion to amend. Therefore, the district court's order affirming the magistrate's denial of Whitt's motion to amend her judgment of conviction is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, concur.