79 P.3d 740

STATE of Idaho, Plaintiff–Respondent,

v.

John K. KNAPP, Defendant–Appellant.

No. 29169.

Court of Appeals of Idaho.

Oct. 31, 2003.

Law Offices of Nancy L. Callahan, Emmett, for appellant. Nancy L. Callahan argued.

Hon. Lawrence G. Wasden, Attorney General; Charles Edward Zalesky, Deputy Attorney General, Boise, for respondent. Charles Edward Zalesky argued.

GUTIERREZ, Judge.

John K. Knapp appeals from the district court's denial of his petition for release from the reporting requirements of the Sex Offender Registration Act. We affirm.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Knapp taught science at an Idaho high school for eleven years. In 1991, Knapp was charged with sexually abusing a fourteen-year-old student who was also a close friend of Knapp's daughter. After Knapp entered an *Alford* plea [1] to one count of sexual abuse of a child under the age of sixteen years, he was granted a withheld judgment and placed on probation for five years. In 1993, the Idaho Sex Offender Registration Act became effective and Knapp was required to register as a sex offender. After so registering, and continuing to successfully complete all other terms and conditions of his probation, Knapp was granted an early discharge from probation supervision.

In 2002, eleven years after entering the *Alford* plea, Knapp filed a petition under Idaho Code §§ 19–2604 and 18–8310 to set aside that guilty plea, have his case be dismissed, be released from his obligation to register as a sex offender, and have the record of his case expunged. In support of his petition Knapp offered evidence of his successful 1995 completion of the Sexual Abuse Now Ended (SANE) treatment program, as well as a record of polygraph tests

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970).

from 1992 through 1996 that indicated Knapp had not re-offended.[2] Furthermore, the director of the Idaho SANE program testified during cross-examination that, based on her experience with Knapp from 1993 to 1995, she could predict Knapp posed a low risk to re-offend. However, when asked whether she could say that there was "no chance" that Knapp would re-offend, the SANE representative said:

No, I can't say that with absolute certainty. I don't believe in that. I think the fact that once a crime has happened once, there's always the potential or the possibility. It's something a person who has committed a sex crime always has to be aware of and make sure that they are attentive to themselves in the choices that they make.

Idaho Code § 18–8310 allows the court to "exempt the petitioner from the reporting requirement only after a hearing on the petition in open court and only upon proof by clear and convincing evidence that the petitioner is not a risk to commit a new violation for any violent crime or crime identified in section 18–8304, Idaho Code."

The district court set aside Knapp's guilty plea and dismissed his case, but declined to release Knapp from the sex offender registration requirement, finding that Knapp, whose own expert witness had declined to describe him as "no-risk," had failed to provide "clear and convincing evidence" that he would not commit a new violation. Knapp then filed an appeal from this denial of his petition for release from the sex offender registration requirement.

## II.

### ANALYSIS

Knapp frames the issue on appeal as one of statutory interpretation, and argues that the district court erroneously interpreted I.C. § 18–8310. In particular, Knapp argues that the district court's interpretation of I.C. § 18–8310 renders the statute meaningless. Knapp argues that as a "low-risk" sexual offender, he is as cured as possible, and should therefore be considered within that category of offenders whom the legislature has determined are eligible for relief from the registration requirement of I.C. § 18–8310.

Idaho Code § 18–8310 requires the district court to find by "clear and convincing" evidence that the petitioner be "not a risk to commit a new violation," before releasing that petitioner from the registration requirement. When called upon to interpret a statute, this Court's only concern is to determine and implement the legislature's intent. *State v. Perkins,* 135 Idaho 17, 20, 13 P.3d 344, 347 (Ct.App.2000). Where, as here, the statute's language is unambiguous, we simply give effect to the clearly expressed legislative intent. *Id.*

That Knapp does not meet the requirements of the statute is not *prima facie* evidence that the statute is ambiguous. The legislature recognizes that there is a difference between types of sexual offenders. *See* I.C. §§ 18–8303, –8304, –8314. While the legislature could have articulated standards for exemption from registration that applied to different types of sex offenders, they chose instead to address sex offenses collectively. The legislature determined that only sex offenders who established by clear and convincing evidence they were not a risk to re-offend should be exempted from the sex offender registration requirement. The language of the statute could be no more explicit.

Knapp believes he is as cured as possible and argues that if he is not granted exemption from the registration requirement, it would be impossible for any sex offender to be so released. We disagree. The mere fact that Knapp's treatment provider cannot say that he presents no risk of re-offense does not mean that other offenders cannot be shown to be risk-free after treatment. Moreover, even if treatment is never deemed that complete and successful, there are circumstances under which an offender could reasonably assert that he was "not a risk" to re-offend, including the hypothetical example of an offender who, when he was nineteen

---

2. Knapp also took a polygraph test in 2002, the results of which indicated Knapp had not en-

gaged in any sexually inappropriate behavior since completion of his treatment.

years old, was convicted of statutory rape for having consensual intercourse with his sixteen-year-old girlfriend, whom he subsequently married. Other occasions where an offender might be exempted from the sex offender registration requirement include where the victim has recanted, or where advanced age or medical or physical condition establish that the defendant is "not a risk" to re-offend. Thus, the legislatively enacted standard is not impossible to meet.

Knapp further contends that the proportion of offenders who hypothetically qualify for removal from the sex offender registration requirement is insignificant, and that a literal application of the statute is therefore absurd. We disagree. Idaho law recognizes two categories of sexual offenders upon release from incarceration: sexually violent predators and all other offenders. See I.C. § 18–8314. Determination of which category a given offender falls into is made by the Sexual Offender Classification Board, a division of the Department of Correction. I.C. § 18–8312. Idaho Code § 18–8310 constructively adds a third category of non-incarcerated sex offender: those relieved of the registration requirement. Idaho Code § 18–8310 excepts sexually violent predators, offenders convicted of an aggravated offense, and recidivists from the right to petition for release from the registration requirement. While the remaining category of sex offenders may apply for release from the registration requirement, only those deemed "not a risk" will succeed. It is therefore apparent that the legislature did not contemplate statutory relief for many registered sex offenders.

Our reading of the statute is further supported by the legislative history of the Sex Offender Registration Act. The sex offender registration requirement, first given effect in 1993, originally required offenders to register for only ten years. 1993 Idaho Sess. Laws, ch. 155, § 1. In 1996, the legislature amended the act to require lifetime registration. 1996 Idaho Sess. Laws, ch. 249, § 1. During that same year, the legislature provided the possibility of exemption from lifetime registration. 1996 Idaho Sess. Laws, ch. 249, § 2, codified as I.C. 18–8305A. Knapp's contention that the legislature intended to provide relief from the registration requirement to offenders of low or moderate risk is without merit. If anything, the legislature has embraced a successively more restrictive approach to releasing offenders from the registration requirement.

■ Finally, Knapp argues that with his successful completion of probation, the SANE program, and multiple polygraph tests, as well as with the fact that he has apparently refrained from further sexual abuse of children during the last decade, he has become, as the legislature requires, "not a risk." Knapp therefore contends that the district court committed error by not releasing him from the registration requirement and asks us to remand this matter so that further evidence might be presented. To the contrary, the record supports the district court decision. The record reflects that: Knapp was a teacher; he committed the abuse on school grounds; the victim was a close friend of Knapp's daughter and considered him as a second father; Knapp did not voluntarily stop the abuse; and Knapp's abuse of the victim showed a pattern of escalation, indicating Knapp was possibly "grooming" her for more excessive abuse. This abuse occurred over a period of years and progressed from hugging and kissing on the mouth to fondling the victim's breasts underneath her clothing while at school.

The sum of all the evidence provided the context under which the district court was required to determine whether or not Knapp was, by clear and convincing evidence, "not a risk" to re-offend. The district court was unable to make such a finding, and we see no reason to conclude that the district court erred in its application of the law to these facts. Furthermore, as the state has conceded, there is no statutory prohibition preventing Knapp from filing another petition for release from the registration requirement.

### III.

### CONCLUSION

Idaho Code § 18–8310 provides only a mechanism under which a sex offender may

petition for relief from the registration requirement; it does not mandate relief. Indeed, I.C. § 18–8310 requires petitioners to carry, by clear and convincing evidence, a very heavy burden of proof. Knapp has not shown that the legislature did not intend the bar to be set quite so high, and as it is our duty to give effect to legislative intent, we conclude that Knapp has not carried his burden of proof under the statute. Accordingly, the district court's denial of Knapp's petition is affirmed.

Chief Judge LANSING and Judge Pro Tem CAREY concur.