## IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34994

STATE OF IDAHO,

  Plaintiff-Respondent,

v.

GARY L. TURPEN,

  Defendant-Appellant.

Boise, May 2009 Term

2009 Opinion No. 112

Filed: August 28, 2009

Stephen Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. D. Duff McKee, District Judge. Hon. Michael J. Reardon, Magistrate Judge.

The decision of the district court is vacated and the case is remanded.

David H. Leroy, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica Lorello argued.

_____

HORTON, Justice

Appellant Gary Turpen ("Turpen") appeals the district court's decision affirming the decision of the magistrate court denying Turpen's motion to expunge records relating to a charge of sexual exploitation by a medical care provider. We vacate the decision of the district court affirming the decision of the magistrate court and remand for consideration of the request under Idaho Court Administrative Rule (I.C.A.R.) 32(i).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The material facts of this case are not in dispute. Turpen is a licensed dentist. In January of 2004, he was charged with the misdemeanor offense of sexual exploitation by a medical care provider in violation of I.C. § 18-919. Turpen entered a plea of not guilty and the case went to trial before a jury in June of 2004. Turpen was acquitted of the charge.

In July of 2006, Turpen filed a motion with the trial court seeking "to expunge the 2003-2004 criminal records … reflecting the arrest, filing and acquittal by jury" of the charge. In support of his motion, Turpen submitted his affidavit, in which he alleged that the "continued

1

existence of those records constitutes a personal and professional embarrassment" and suggested that the records have damaged his dentistry practice and reputation. The magistrate judge denied Turpen's motion. Turpen appealed. The district court, acting in its appellate capacity, affirmed the decision. Turpen timely appealed to this Court.

## II. STANDARD OF REVIEW

When reviewing a decision of the district court acting in its appellate capacity, this Court reviews the trial court's record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). If the district court affirmed the magistrate court's decision because the magistrate court's findings are so supported and its conclusions follow therefrom, then, as a matter of procedure, this Court affirms the district court's decision. *Id.* This Court exercises free review over questions of law. *Horkley v. Horkley*, 144 Idaho 879, 880, 173 P.3d 1138, 1139 (2007) (quoting *Chapin v. Linden*, 144 Idaho 393, 396, 162 P.3d 772, 775 (2007)).

## III. ANALYSIS

Turpen asked the magistrate "to expunge his criminal records as held by the Fourth District Court, the Boise City Police Department, the Ada County Sheriffs Office, and the Ada County Prosecutors Office." However, during oral argument before this Court, Turpen substantially narrowed the relief that he seeks, indicating that he seeks relief only as to court records and that he no longer seeks expungement of records maintained by the county or the city.

As a preliminary matter, we find it appropriate to define the manner in which we use the words "expunge" and "expungement." Our use of these words is not literal. "Expunge" is defined as follows: "To destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information – including criminal records – in files, computers, or other depositories." BLACK'S LAW DICTIONARY 522 (5th ed. 1979). We do not contemplate the destruction of public records. Whether such records are physical or stored electronically; rather, when we refer to expungement, we mean the issuance of a court order requiring physical or electronic sequestration of such records from public access or inspection. Thus, when we refer to "expungement" we do so in the narrower sense of "expungement of

record" which is defined as the "[p]rocess by which [a] record of criminal conviction is destroyed or sealed . . . ." *Id.*

We turn to the question whether Turpen is entitled to expungement of the court records relating to the dismissed charge. Turpen relies upon the courts' "inherent power to order expungement of criminal records" and has identified approaches to expungement requests employed by state and federal courts. The approaches favored by Turpen range from automatic expungement upon acquittal, as is the rule in Pennsylvania, *see Commonwealth v. D.M.*, 695 A.2d 770 (Pa. 1997), to a balancing of the individual's privacy interest or the danger of "unwarranted adverse consequences" against the recognized public interest in maintaining such records. *See e.g. Davidson v. Dill*, 503 P.2d 157, 161 (Colo. 1972).

We need not address the scope of the inherent powers of the courts to order expungement, because there is currently a court rule in place that grants the trial courts the authority to grant relief of the type that Turpen seeks. That rule is I.C.A.R. 32(i). Without deciding whether expungement is appropriate in the instant case, we find it appropriate to remand this case for further proceedings under I.C.A.R. 32(i).

We acknowledge that our decision to remand this case is an unusual remedy. Neither party raised I.C.A.R. 32(i) below or in the briefing presented to this Court. Rather, a Justice of this Court first raised the potential application of I.C.A.R. 32(i) during oral argument. Normally, this Court does not address issues that the parties did not raise below and which have not been preserved for appeal. *Commercial Ventures, Inc. v. Rex M. & Lynn Lea Family Trust*, 145 Idaho 208, 216, 177 P.3d 955, 963 (2008) (quoting *Fairway Dev. Co. v. Petersen, Moss, Olsen, Meacham & Carr*, 124 Idaho 866, 870, 865 P.2d 957, 961 (1993)).

However, requests for expungement are seen with some frequency by the trial and appellate courts of this state. *See State ex rel. City of Sandpoint v. Whitt*, 146 Idaho 292, 293, 192 P.3d 1116, 1117 (Ct. App. 2008) (denial of request for expungement of record of conviction for injury to child not appealed); *State v. Parkinson*, 144 Idaho 825, 172 P.3d 1100 (2007) (affirming denial of request for expungement of record of dismissed conviction from NCIC database); *State v. Knapp*, 139 Idaho 381, 79 P.3d 740 (Ct. App. 2003), overruled by *State v. Kimball*, 145 Idaho 542, 181 P.3d 468 (2008) (petitioner sought relief including expungement of the record of his case). As no reported Idaho decision addresses expungement of court records under I.C.A.R. 32(i), and as it is unnecessary to define standards relating to the exercise of the

3

inherent powers of the courts when such standards are already prescribed by court rule, we find it appropriate to give guidance to the courts of this State in dealing with requests for expungement of court records.

Idaho Court Administrative Rule 32 governs the records maintained by the judicial department. The rule recognizes the public's "right to examine and copy the judicial department's declarations of law and public policy and to examine and copy the records of all proceedings open to the public." I.C.A.R. 32(a). However, I.C.A.R. 32(i) authorizes the trial court to seal or redact court records on a case-by-case basis. The rule requires the custodian judge to hold a hearing and make a factual finding as to whether the individual's interest in privacy or whether the interest in public disclosure predominates. "If the court redacts or seals records to protect predominating privacy interests, it must fashion the least restrictive exception from disclosure consistent with privacy interests." *Id*. Before entering an order redacting or sealing records, the court must make one or more of the following determinations in writing:

> (1) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
> (2) That the documents or materials contain facts or statements that the court finds might be libelous, or
> (3) That the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or
> (4) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals.[1]

In determining whether to grant a request to seal or redact records, trial courts are expected to apply "the traditional legal concepts in the law of invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons." *Id*. The decisions of the trial courts will be subject to review for abuse of discretion.

This case will be remanded to permit the magistrate judge to conduct a hearing under I.C.A.R. 32(i) and make the factual determination whether Turpen's privacy interest or the public interest in disclosure predominates. If the magistrate judge finds that Turpen's privacy

---

[1] Effective February 1, 2009, a fifth ground for denying public access to court records was added: "That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial."

interest predominates, then the court must make written findings and may redact or seal Turpen's court records to the least restrictive extent necessary to protect Turpen's privacy interests.

## IV. CONCLUSION

We vacate the decision of the district court affirming the decision of the magistrate court and remand for consideration of Turpen's motion under I.C.A.R. 32(i).

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem KIDWELL **CONCUR**.