**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36901**

| | |
|---|---|
| STATE OF IDAHO, | 2010 Unpublished Opinion No. 722 |
| Plaintiff-Respondent, | Filed: November 30, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| JAMES ROBERTSON, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying petition for release from sex offender registration requirements, affirmed.

John C. Lynn, Eagle, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

James Robertson appeals from the district court's order denying his petition for release from registration requirements under Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act (Registration Act). For the reasons set forth below, we affirm.

**I.**

**BACKGROUND**

In 1990, Robertson pled guilty to one count of sexual abuse of a child under the age of sixteen years pursuant to I.C. § 18-1506 after he sexually molested his eight-year-old daughter. Robertson received a withheld judgment and probation for seven years. Due to the nature of his offense, Robertson was required to register as a sexual offender pursuant to the Registration Act, I.C. §§ 18-8301, *et seq*. Robertson successfully completed his probation without any violations. In 2009, Robertson filed a petition requesting relief from the requirement to register as a sexual offender, and an affidavit in support thereof. The state filed a written objection to Robertson's

1

petition arguing that Robertson failed to provide clear and convincing evidence that he was not at risk to reoffend as required by I.C. § 18-8310(1). After a hearing in which Robertson testified, the district court denied Robertson's petition stating that Robertson had failed to convince the court by clear and convincing evidence that it is highly probable or reasonably certain that he was not at risk to reoffend. Robertson appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## DISCUSSION

Robertson asserts that the district court erred when it denied his petition for release from sexual offender registration requirements pursuant to I.C. § 18-8310 by failing to use any meaningful discretion and by denying his petition on the merits. Proceedings under the Registration Act are civil in nature. *State v. Gragg*, 143 Idaho 74, 76-77, 137 P.3d 461, 463-64 (Ct. App. 2005). Idaho Code § 18-8310 is the sole mechanism by which a sex offender can be released from the sex offender registration requirements. *State v. Robinson*, 143 Idaho 306, 310, 142 P.3d 729, 733 (2006). It states in pertinent part:

> Any person, other than a recidivist, an offender who has been convicted of an aggravated offense, or an offender designated as a violent sexual predator, may, after a period of ten (10) years from the date the person was released from incarceration or placed on parole . . . petition the district court for a show cause hearing to determine whether the person shall be exempted from the duty to register as a sexual offender.

I.C. § 18-8310(1). Section 18-8310 requires the offender to provide clear and convincing evidence that he is "not a risk" to reoffend, not that he poses *no* risk to reoffend. *State v. Kimball*, 145 Idaho 542, 546-47, 181 P.3d 468, 472-73 (2008). To meet the "clear and convincing evidence" standard, the offender must prove that it is highly probable or reasonably

certain he is "not a risk" to reoffend. *Id.* The district court must make an independent evaluation and form a legal conclusion based on whether the offender met this burden. The psychosexual evaluator's opinion is considered an important factor in this evaluation, but not the exclusive factor. The mechanism provided by I.C. § 18-8310 "is strict and presents a very high hurdle for offenders." *Kimball*, 145 Idaho at 546, 181 P.3d at 472.

In the order denying Robertson's petition, the district court stated:

> After carefully considering the legal memoranda, psychosexual evaluation, affidavits, letters, and testimony submitted in relation to this petition, the Court does not find by the required clear and convincing standard that the Petitioner is "not a risk" (as that phrase is defined and interpreted by the Idaho Supreme Court) to reoffend.

Robertson asserts that there were no written factual findings to support the district court's legal conclusion pursuant to I.C. § 18-8310(3). Specifically, he argues that no written findings were made with respect to his life stability, significant relationships, or intentions, interests, and motivations, which were all relevant as to whether he is at risk to reoffend. Robertson argues that when an appellate court reviews a case lacking findings of fact, the procedure to be followed can be found in many Idaho cases. Specifically, Robertson relies on *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 647 P.2d 988 (1982). There, the Supreme Court stated:

> The absence of findings of fact *and* conclusions may be disregarded by the appellate court only where the record is clear, and yields an obvious answer to the relevant question. Absent such circumstances, the failure of the trial court to make findings of fact *and* conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate a reversal of the judgment and a remand for additional findings and conclusions . . . .

*Id.* at 225, 647 P.2d at 996 (internal citations omitted) (emphasis added). Based on the reasoning in *Pope*, Robertson argues that the district court was required to make both findings of fact and conclusions of law. In order for *Pope* to apply here there must have been a total absence of findings of fact. The record shows otherwise. The evidence reflecting on Robertson's life stability, significant relationships, or intentions, interests, and motivations was not in dispute. Having considered all of this evidence the district court specifically found that Robertson failed to show he is not at risk to reoffend.

Robertson also relies on *State v. Hanes*, 137 Idaho 40, 44 P.3d 295 (Ct. App. 2002). In that case, this Court concluded that the district court erred by treating an issue involving I.C.

3

§ 19-2604(1) as a matter of law without making any factual findings, and remanded the issue back to the district court. *Hanes*, 137 Idaho at 42, 44 P.3d at 297. However, Robertson's reliance on *Hanes* is also misplaced. The holding in *Hanes* is inapplicable here as it involves the interpretation of a completely different statute. Moreover, as the statute specifically indicates, written findings are required only when the district court grants relief, not when it denies relief. *See* I.C. § 18-8310(3).[1]

Robertson next asserts that even if the district court applied sufficient reasoning under the "abuse of discretion" standard, there is nothing in the record that leads to the conclusion that Robertson "poses a risk of reoffending." Robertson argues that it has been over nineteen years since he voluntarily submitted himself to the authorities and pled guilty. He argues that he has been married for twelve years and only intends to have sexual contact with this spouse in the future, he has been employed, he has been involved with church activities, he has had no contact with the victim, and he has successfully completed all the terms of his probation and has not committed any additional criminal violations. However, it was not up to the district court to determine if there was evidence to support the conclusion that Robertson poses a risk of reoffending. Rather, the district court was only required to determine if Robertson presented clear and convincing evidence that it is highly probable or reasonably certain that he is not at risk to reoffend, which Robertson failed to do.

Robertson also argues that the psychosexual evaluation was a key piece of evidence with respect to risk assessment and although it indicates that he may lack an understanding of the dynamics of his offensive behavior and may have thinking errors, his psychosexual evaluator concluded that he was at low risk to reoffend. The state counters that although the evaluator assessed Robertson as low risk, portions of the psychosexual evaluation expressed several concerns, including that Robertson "seriously minimizes ever having had deviant sexual desires or having been sexually aroused by fantasies involving a child," "he either does not recognize or cannot acknowledge ever having attempted to manipulate a child to engage them in sexual activity," "he minimizes the feelings of anticipation and excitement he had leading up to his offense behavior," "he minimizes his past sex obsession," "he shows evidence of a current

---

[1]    Idaho Code § 18-8310(3) states:    "The court may exempt the petitioner from the reporting requirement only after a hearing on the petition in open court and only upon proof by clear and convincing evidence and upon written findings of fact and conclusions of law . . . ."

preoccupation with sex," and he falls within the moderate to high range "of commonality and thinking behavior" with adult male sex offenders. The district court took into consideration all of the evidence presented by Robertson and the state before denying Robertson's petition. We conclude that there was sufficient evidence in the record to support the district court's determination that Robertson failed to prove by clear and convincing evidence that it is highly probable or reasonably certain that he is not at risk to reoffend.

Finally, Robertson asserts that the reasons he is seeking release from the registration requirement should be considered. He argues that the stigma of being branded a sexual offender eliminates job opportunities, has affected his reputation and standing in the community, and that he is unable to leave Boise to care for his elderly parents who reside out of the state. However, we decline to consider Robertson's reasons for seeking release from the registration requirement because they have no bearing on whether he is at risk to reoffend.

The state also asserts that this Court should affirm the denial of Robertson's petition on the grounds that Robertson is statutorily barred from being released from the registration requirement because he was convicted of an aggravated offense.[2] The state raised this issue below and the district court declined to address it. We do not address this issue here as we affirm the district court's denial of Robertson's petition on the merits.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it denied Robertson's petition for release from the sex offender registration requirements. Accordingly, we affirm.

Chief Judge LANSING and Judge MELANSON, **CONCUR**.

---

[2] Pursuant to I.C. § 18-8310(1), an offender who has been convicted of an aggravated offense cannot be released from the registration requirement. Effective July 1, 2009, aggravated offense includes any "offense set forth in section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen years." I.C. § 18-8303(1).