IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39272

| STATE OF IDAHO, | ) | 2013 Opinion No. 28 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN DOE (2012-07), | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge. Hon. Daniel Steckel, Magistrate.

Order of the district court reversing magistrate's order granting motion to expunge, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

GRATTON, Judge

John Doe appeals from the district court's order, on intermediate appeal, reversing the magistrate's order granting Doe's motion to expunge his record pursuant to Idaho Code § 20-525A.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 1997, when Doe was fourteen years old, he committed the crime of tobacco possession by a minor in violation of I.C. § 18-1502. In December 1997, the State accused him of coming within the purview of the Juvenile Corrections Act (JCA) for committing the felony offense of burglary and the misdemeanor offenses of petit theft, being a runaway, and being beyond the control of his parents. In January 1998, the State filed a JCA petition again accusing

1

Doe of being a runaway. He admitted to committing the offenses and was sentenced to juvenile probation.

In the instant case, in September 1998, Doe was cited for possession of marijuana. In May 1999, Doe pled guilty to possession of drug paraphernalia by a minor in violation of I.C. § 18-1502C and was sentenced to pay a fine and costs. In December 2000, at the age of seventeen, Doe was charged with possession of marijuana. However, on that occasion, the State asserted that Doe fell within the purview of the JCA for violating I.C. § 37-2732(c)(3), rather than charging him for a second time with a misdemeanor under I.C. § 18-1502C. In October 2001, Doe was charged with underage consumption of alcohol under I.C. § 23-949.

Sometime after Doe's eighteenth birthday, he began to turn his life around. Doe attempted to enlist in the Army, but was turned away because of his juvenile record. In October 2006, Doe petitioned the juvenile court for expungement of his record. In November 2006, the juvenile court expunged Doe's JCA cases; however, his misdemeanors for: (1) possession of drug paraphernalia; (2) tobacco possession; and (3) underage consumption of alcohol were not expunged. The expungement of his JCA cases was sufficient to allow him to enlist in the Army. Doe was deployed to Iraq for fifteen months, returned in February 2009, and was honorably released from active duty in the spring of 2010.

Doe sought work as a correctional officer while he attended the College of Western Idaho. Doe was unable to obtain employment as a correctional officer because of his misdemeanor conviction in this case. In September 2010, Doe filed a motion to expunge the records associated with the conviction of his misdemeanor. Doe brought the motion pursuant to I.C. § 20-525A, which permits individuals to petition for expungement of records from proceedings adjudicated under the purview of the JCA. In the alternative, Doe sought to have his record expunged pursuant to Idaho Court Administrative Rule 32(i) or the magistrate's inherent authority. Doe also argued that if I.C. § 20-525A does not provide him with relief, then the statute violates the Equal Protection Clauses of the United States and Idaho Constitutions. The State objected to Doe's motion, arguing the magistrate court did not have authority to expunge the records.

The magistrate granted Doe's motion pursuant to I.C. § 20-525A. While recognizing that I.C. § 20-525A only provided for the expungement of records of proceedings adjudicated under the purview of the JCA, the magistrate reasoned:

2

In this case, the state had the option of pursuing the possession of marijuana charge under the JCA or Idaho Code § 18-1502C. As previously noted, the charge was ultimately resolved with fines and costs of $213.50, and no other punishment, classes or probation. Since the state contemporaneously dismissed a failure to appear citation, it appears likely that the resolution was part of a negotiated plea agreement. In choosing to pursue under section 18-1502C it appears the state did not feel it necessary to subject Defendant to the JCA and was pursuing a less onerous outcome. I have no reason to believe that the state[']s seemingly benign decision not to proceed under the JCA was designed to deprive Defendant of his right to expungement under that Act. In fact, in providing the option of prosecuting cases involving possession of marijuana by minors under Idaho Code § 18-1502C, it is unlikely the legislature intended to create a loophole where this type of misdemeanor is ineligible for expungement while other more serious non-violent crimes remain eligible.

The magistrate did not, however, expunge the records of the convictions for possession of tobacco or underage consumption of alcohol.[1]

The State appealed the magistrate's determination. In its intermediate appellate capacity, the district court reversed the magistrate. The district court concluded that only the records of proceedings adjudicated under the JCA were eligible for expungement and the misdemeanor crime did not fall within the plain wording of the JCA. The district court also rejected Doe's alternative arguments to affirm the magistrate's order. The district court did, however, remand the case to the magistrate court for a determination of whether Doe may have his records sealed pursuant to I.C.A.R. 32(i).[2] Doe timely appealed.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.*

---

[1]     On appeal, Doe is not claiming these convictions should be expunged. Apparently, Doe is not pursuing the expungement of those records because only the possession of marijuana conviction is impeding him from receiving employment as a correctional officer.

[2]     Prior to this appeal, the magistrate granted Doe's motion to seal the records in this case as to both the physical file and ISTARS.

3

**A.    Idaho Code § 20-525A**

Doe claims the JCA's statutory scheme and the legislature's expressed intent "makes it apparent that the legislature intended juveniles charged with misdemeanor marijuana cases in magistrate court to be able to expunge their records." This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code § 20-525A, which is part of the JCA, allows for the expungement of certain records associated with the JCA. Specifically, with regard to misdemeanor offenses, the statute provides: "[a]ny person who has been adjudicated in a case under this act and found to be within the purview of the act for having committed misdemeanor" may petition the magistrate court for expungement of those records. I.C. § 20-525A(2). "Upon the entry of the order [granting expungement] the proceedings in the petitioner's case shall be deemed never to have occurred and the petitioner may properly reply accordingly upon any inquiry in the matter." I.C. § 20-525A(5). Moreover, once expunged, a record of the proceedings can be revealed only upon an order of a court of competent jurisdiction, and is not subject to inspection except "by the person who is the subject of the records." I.C. § 20-525A(5).

Idaho Code § 20-525A is unambiguous and plainly applies only to matters adjudicated under the JCA. The statute states, to qualify for expungement, the person must have been

4

"adjudicated in a case under this act and found to be within the purview of the act for having committed misdemeanor or status offenses."[3]  I.C. § 20-525A(2).  The statute does not provide any court with the power to expunge the records for a conviction unassociated with the JCA.  To hold otherwise, would be contrary to the unambiguous and plain language of the statute.

Doe argues, in the alternative, that the plain language of I.C. § 20-525A does not control because it would constitute a "patently absurd result."  Doe's contention has some appeal, as a person can have a felony conviction expunged under the JCA while a lesser crime, as in this case, cannot be expunged if not within the purview of the JCA.  However, challenging this result is a legislative, not judicial, matter.

The Idaho Supreme Court recently addressed the absurd result argument in *Verska v. Saint Alphonsus Regional Medical Center*, 151 Idaho 889, 896, 265 P.3d 502, 509 (2011).  There, the Court noted

> Thus, we have never revised or voided an unambiguous statute on the ground that it is patently absurd or would produce absurd results when construed as written, and we do not have the authority to do so.  "The public policy of legislative enactments cannot be questioned by the courts and avoided simply because the courts might not agree with the public policy so announced."  Indeed, the contention that we could revise an unambiguous statute because we believed it was absurd or would produce absurd results is itself illogical.  "A statute is ambiguous where the language is capable of more than one reasonable construction."  An unambiguous statute would have only one reasonable interpretation.  An alternative interpretation that is unreasonable would not make it ambiguous.  If the only reasonable interpretation were determined to have an absurd result, what other interpretation would be adopted?  It would have to be an unreasonable one.

*Verska*, 151 Idaho at 896, 265 P.3d at 509 (internal citations omitted).

Doe next claims that if I.C. § 20-525A does not grant the relief requested, then the statute violates the Equal Protection Clauses of both the United States and Idaho Constitutions.  Doe specifically argues that I.C. § 20-525A "facially discriminates between juveniles petitioned into juvenile court . . . and those who are cited and held to answer in magistrate court."  Whether an act of the legislature is reasonable, arbitrary, or discriminatory is a question of law for determination by this Court.  *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 395, 987 P.2d

---

[3]  Idaho Code § 20-525A(1) applies to felony offenses and increases the length of time the person must wait to qualify for expungement.

300, 307 (1999) (quoting *Bon Appetit Gourmet Foods, Inc. v. Dep't of Employment*, 117 Idaho 1002, 1003, 793 P.2d 675, 676 (1989)).

When this Court performs an equal protection analysis, it identifies the classification under attack, articulates the standard under which the classification will be tested, and then determines whether the standard has been satisfied. *Coghlan*, 133 Idaho at 395, 987 P.2d at 307. Legislative acts are presumed to be constitutional, with any doubt concerning interpretation of a statute being resolved in favor of finding the statute constitutional. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 261, 954 P.2d 676, 679 (1998). Therefore, Doe bears the burden of overcoming the presumption of the validity of I.C. § 20-525A. *See Meisner*, 131 Idaho at 261, 954 P.2d 679.

Different levels of scrutiny apply to equal protection challenges. When considering the Fourteenth Amendment, strict scrutiny applies to fundamental rights and suspect classes; intermediate scrutiny applies to classifications involving gender and illegitimacy; and rational basis scrutiny applies to all other challenges. *Id.* at 261-62, 954 P.2d at 679-80. For analyses made under the Idaho Constitution, slightly different levels of scrutiny apply. Strict scrutiny, as under federal law, applies to fundamental rights and suspect classes. *Id.* at 261, 954 P.2d at 679. Means-focus scrutiny, unlike the federal intermediate scrutiny, is employed "where the discriminatory character of a challenged statutory classification is apparent on its face and where there is also a patent indication of a lack of relationship between the classification and the declared purpose of the statute." *Coghlan*, 133 Idaho at 395, 987 P.2d at 307 (quoting *Jones v. State Bd. of Med.*, 97 Idaho 859, 871, 555 P.2d 399, 411 (1976)). Rational basis scrutiny applies to all other challenges. *See Coghlan*, 133 Idaho at 395, 987 P.2d at 307.

Doe does not assert which standard this Court should apply to his equal protection claim. Rather, Doe merely suggests his argument meets even the lowest standard, rational basis. Doe admits his claim does not involve a fundamental right or a suspect class. Therefore, strict scrutiny is not appropriate. Furthermore, intermediate-level scrutiny under the Fourteenth Amendment is not appropriate because this case does not involve gender or illegitimacy. *See Meisner*, 131 Idaho at 261, 954 P.2d at 679. Analyzing Doe's claim under Article I, Section 2 of the Idaho Constitution, it is clear that means-focus scrutiny is also inapplicable. Any discriminatory character between different juveniles is not apparent on the face of I.C. § 20-525A. Moreover, there is no patent indication of a lack of relationship between the classification and the legislative purpose of I.C. § 20-525A. The statute's purpose is to "protect the

6

community, hold the juvenile offender accountable for his actions, and assist the juvenile offender in developing skills to become a contributing member of a diverse community." I.C. § 20-501. Because the statute's classification directly relates to its declared purpose, means-focus scrutiny does not apply. Therefore, it is appropriate to apply rational basis scrutiny to Doe's equal protection claim.

Under both the United States and Idaho Constitutions, a classification will pass rational basis review if it is rationally related to a legitimate government purpose and "if there is any conceivable state of facts which will support it." *Meisner*, 131 Idaho at 262, 954 P.2d at 680 (quoting *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985)). Courts applying rational basis review do not judge the wisdom or fairness of the challenged legislation. *Coghlan*, 133 Idaho at 396, 987 P.2d at 308.

Here, the legislature had a rational basis to assign exclusive procedures and expungement benefits to proceedings within the purview of the JCA. The express legislative intent of the JCA is different than that of regular criminal proceedings, regardless of whether those other proceedings concern juveniles or adults. It is a logical extended aim of such legislation to provide juvenile offenders an opportunity to expunge their juvenile records after fulfilling the express rehabilitative goals of the JCA and proceeding to become productive members of society. It is likewise logical for the legislature to decline to extend such a unique expungement opportunity to juvenile offenders outside of the purview of the JCA, who are not necessarily subject to the same types of supervision and rehabilitative programming.[4]

## B.     Idaho Court Administrative Rule 32(i)

Doe next claims I.C.A.R. 32(i) allows a court to expunge the record of his criminal proceedings, rather than merely sealing the record. The Idaho Supreme Court addressed Rule 32(i) and its uses in *State v. Turpen*, 147 Idaho 869, 871, 216 P.3d 627, 629 (2009). There, the Court stated:

> However, requests for expungement are seen with some frequency by the trial and appellate courts of this state. *See State ex rel. City of Sandpoint v. Whitt*, 146 Idaho 292, 293, 192 P.3d 1116, 1117 (Ct. App. 2008) (denial of request for expungement of record of conviction for injury to child not appealed); *State v. Parkinson*, 144 Idaho 825, 172 P.3d 1100 (2007) (affirming denial of request for

---

[4]     Doe conceded that he merely paid a fine for the complained of offense, rather than being supervised and receiving rehabilitative programming through the JCA.

expungement of record of dismissed conviction from NCIC database); *State v. Knapp*, 139 Idaho 381, 79 P.3d 740 (Ct. App. 2003), *overruled by State v. Kimball*, 145 Idaho 542, 181 P.3d 468 (2008) (petitioner sought relief including expungement of the record of his case). As no reported Idaho decision addresses expungement of court records under I.C.A.R. 32(i), and as it is unnecessary to define standards relating to the exercise of the inherent powers of the courts when such standards are already prescribed by court rule, we find it appropriate to give guidance to the courts of this State in dealing with requests for expungement of court records.

Idaho Court Administrative Rule 32 governs the records maintained by the judicial department. The rule recognizes the public's "right to examine and copy the judicial department's declarations of law and public policy and to examine and copy the records of all proceedings open to the public." I.C.A.R. 32(a). However, I.C.A.R. 32(i) authorizes the trial court to seal or redact court records on a case-by-case basis. The rule requires the custodian judge to hold a hearing and make a factual finding as to whether the individual's interest in privacy or whether the interest in public disclosure predominates. "If the court redacts or seals records to protect predominating privacy interests, it must fashion the least restrictive exception from disclosure consistent with privacy interests." *Id.* Before entering an order redacting or sealing records, the court must make one or more of the following determinations in writing:

(1) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or

(2) That the documents or materials contain facts or statements that the court finds might be libelous, or

(3) That the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or

(4) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals.

In determining whether to grant a request to seal or redact records, trial courts are expected to apply "the traditional legal concepts in the law of invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons." *Id.* The decisions of the trial courts will be subject to review for abuse of discretion.

This case will be remanded to permit the magistrate judge to conduct a hearing under I.C.A.R. 32(i) and make the factual determination whether Turpen's privacy interest or the public interest in disclosure predominates. If the magistrate judge finds that Turpen's privacy interest predominates, then the court must make written findings and may redact or seal Turpen's court records to the least restrictive extent necessary to protect Turpen's privacy interests.

*Turpen*, 147 Idaho at 871-72, 216 P.3d at 629-30.

In *Turpen*, the Supreme Court made clear that its use of the term "expunge" referred to the sealing or sequestration of records. *Id*. at 870-71, 216 P.3d at 628-29. As noted above, Doe's motion to seal the records associated with his minor in possession of marijuana and paraphernalia conviction was granted. Doe now seeks not only to have his records sealed, but to also obtain, pursuant to Rule 32(i), the relief which would be available under I.C. § 20-525A, namely, the right to respond to inquiry of the matter as if the case had never occurred, and the more restrictive type of expungement where the records are available only upon order of a court of competent jurisdiction and inspection is limited to the person who is the subject of the record, not interested parties upon motion as provided in Rule 32(i). Once again, Doe is seeking relief that is simply not available to him. Rule 32(i) clearly does not provide a mechanism by which the proceedings to which the records relate are deemed never to have occurred.

## C.    Inherent Power

Lastly, Doe claims that "if neither I.C.A.R. 32(i) nor I.C. § 20-525A authorized expungement of this case, [the magistrate court] possessed the inherent authority to do so." Doe notes that the Idaho Supreme Court has acknowledged the potential application of this inherent authority in *Turpen*:

> As no reported Idaho decision addresses expungement of court records under I.C.A.R. 32(i), and *as it is unnecessary to define standards relating to the exercise of the inherent powers of the courts* when such standards are already prescribed by court rule, we find it appropriate to give guidance to the courts of this State in dealing with requests for expungement of court records.

*Turpen*, 147 Idaho at 871, 216 P.3d at 629.

Doe correctly notes that the Idaho Supreme Court has discussed the inherent authority of the court to expunge a record. However, Doe takes the power of that authority out of context. In *Turpen*, the Court, beyond the quoted material provided by Doe, also stated as indicated above:

> As a preliminary matter, we find it appropriate to define the manner in which we use the words "expunge" and "expungement." Our use of these words is not literal. "Expunge" is defined as follows: "To destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information--including criminal records--in files, computers, or other depositories." BLACK'S LAW DICTIONARY 522 (5th ed.1979). We do not contemplate the destruction of public records. Whether such records are physical or stored electronically; rather, when we refer to expungement, we mean the issuance of a court order requiring physical or electronic sequestration of such records from public access or inspection. Thus, when we refer to "expungement"

9

we do so in the narrower sense of "expungement of record" which is defined as the "[p]rocess by which [a] record of criminal conviction is destroyed or sealed. . . ." *Id.*

*Turpen*, 147 Idaho at 870-71, 216 P.3d at 628-29. Moreover, the Court chose not to address the inherent ability to "expunge" a criminal record because a court rule already existed which granted the relief sought. *Id.*

The Idaho Supreme Court discussed an inherent power of the court; however, the power contemplated only allowed a court to seal or redact a criminal record. Doe already received this remedy from the magistrate court. We are aware of no authority which would extend a court's inherent powers to provide the relief requested.

## III.

## CONCLUSION

Idaho Code § 20-525A only provides expungement of the records of proceedings that occurred within the purview of the JCA. Doe's marijuana possession conviction was prosecuted as a misdemeanor under I.C. § 18-1502C, and thus did not fall within the purview of the JCA. Likewise, I.C.A.R. 32(i) only provides a court the authority to seal or redact the record of criminal proceedings. Idaho Code § 20-525A also does not violate equal protection because the statute is rationally related to a legitimate government purpose. Therefore, the district court's order, on intermediate appeal, reversing the magistrate's order granting Doe's motion to expunge his record is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**