# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37823

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ROBERT JOHN GURNEY,

    Defendant-Appellant.

Boise, September 2011 Term

2012 Opinion No. 24

Filed: January 26, 2012

Stephen Kenyon, Clerk

---

Appeal from the District Court of the Second Judicial District of the State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

The district court orders denying the motion to seal records and amend the caption of the case are <u>affirmed</u>.

Tim Gresback, Moscow, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

---

## ON THE BRIEFS

HORTON, Justice.

Robert John Gurney (Gurney) pled guilty to possession of marijuana with intent to deliver. He then successfully completed drug court. Upon completion, he requested and received a dismissal of the charge. He also requested that the record of his criminal case be sealed, pursuant to I.C.A.R 32(i), on the basis of economic hardship. The district court denied this second request. It subsequently denied Gurney's request to change the caption of this case on appeal to an abbreviated version of his name which would conceal his identity. Gurney appeals both decisions. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gurney pled guilty to possession of marijuana with intent to deliver, a felony violation of Idaho Code § 37-2732(a)(1)(B). On the same day, he entered drug court. According to program staff, Gurney's efforts were "very inspiring," he "did an excellent job from the very beginning," and he "went over and above" the requirements of the program. While in drug court, Gurney

1

was a full-time student at the University of Idaho and was employed in two jobs. Gurney eventually graduated with a degree in business management.

Given his exemplary performance in drug court, Gurney moved to set aside his guilty plea and dismiss the case, pursuant to I.C. § 19-2604(1), and to seal the records of the case, pursuant to I.C.A.R. 32. The State did not object to the dismissal. The district court granted the dismissal. In support of his request to seal the records of his case, Gurney filed an affidavit in which he indicated that he would have received a "plumb [sic] internship" but for the results of a background check which revealed his felony charge. The State opposed any expungement or sealing of the record, and the district court denied Gurney's motion to seal the record. Gurney then filed a supplemental affidavit in support of his motion. This second affidavit reflected that he had applied for housing, his "felony record popped up," and he had "been asked to explain [his] felony." The district court treated the affidavit as a motion to reconsider and then denied the motion. Gurney next filed a motion to amend the caption of this case on appeal, asking that he be identified as "Rob G" in the pleadings. The district court denied the motion.

Gurney timely appealed the order denying his motion to seal his records pursuant to I.C.A.R. 32 and the order denying his motion to amend the case caption.

## II. STANDARD OF REVIEW

Decisions of the district court to grant or deny relief under Idaho Court Administrative Rule (I.C.A.R.) 32 are reviewed for abuse of discretion. *State v. Turpen*, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009). The decision of the district court will be upheld if the court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004) (citing *Lindberg v. Roseth*, 137 Idaho 222, 226, 46 P.3d 518, 522 (2002)).

## III. ANALYSIS

**A. The district court did not err by denying Gurney's motion to seal records pursuant to I.C.A.R. 32.**

Gurney argues that the district court erred in three ways.[1]  First, he contends that upon his showing of economic harm, the State was obligated to show that the public interest in disclosure outweighed his interest in concealing his criminal record.  Second, he argues that the public's interest in disclosure diminishes over time and the district court erred by failing to consider this diminution.  Third, he argues that the district court erred by analogizing his case to *Turpen* despite distinguishable facts.  We are not persuaded by these arguments.

    i.   <u>The district court did not err when it determined that the public interest in disclosure predominated over Gurney's privacy interest.</u>

Gurney argues that he showed that he had suffered economic harm as a result of public access to his criminal history and, that upon such a showing, the State was obligated to show the public interest in disclosure predominated.  He argues that since the State failed to do so, the records of his case should be sealed.

The district court did not abuse its discretion because it determined the applicable rule of law, made findings consistent with that rule, and decided the motion by the exercise of reason.  The governing rule is I.C.A.R. 32(i), which requires that the district court "hold a hearing on the motion" and "determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates."  The district court did both.

Gurney asserts that the district court erred by not shifting the burden of proof to the State after he showed that he had sustained economic harm.  Demonstrating the existence of a privacy interest does not shift the burden of proof under I.C.A.R. 32(i).  The text of the rule does not place a burden on the State to demonstrate the public interest in disclosure.  *See* I.C.A.R. 32.  Rather, the rule itself describes the public's interest: "The public has a right to examine and copy the judicial department's declarations of law and public policy and to examine and copy the records of all proceedings open to the public."  *Id.*  The presumptive right of the public to access records of all proceedings open to the public is supported by eleven express policy considerations including that the rule "[p]romotes accessibility to court records," "[p]romotes

---

[1] He also makes a general fairness argument but does not assign any error to the decision of the lower court on this basis.

  Regardless of the content of the general fairness argument, the manner in which it was presented to this Court deserves comment.  The brief, signed by Gurney's attorney, contains the following passage:

> "As one commentator notes, in Idaho we have numerous mechanisms to open databases showing criminal activity, but hardly any to retard or stop the future dissemination of such information.  *Is My Record Clear Now?,* Advocate, Vol. 52, No. 6 (June 2009)."

The "one commentator" was none other than Gurney's attorney, and this "commentary" appeared in the "Reader ViewPoint" section of the cited publication.  We find this reference to be, at best, disingenuous.

governmental accountability," and "[m]inimizes reluctance to use the court system." I.C.A.R. 32(a)(1),(3),(8). The rule does not have a provision under which a showing of economic harm shifts the burden of proof to the State. *See* I.C.A.R. 32(i).[2] Instead the rule states "the court shall determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates." *Id*.

Instead of engaging in burden shifting, the district court followed the requirements of Rule 32(i). The district court considered the competing interests and the "traditional legal concepts" as Rule 32(i) requires. It considered the public interest in knowing "what transpired in a given case" in order to foster transparency in the courts. It also considered the economic harm that Gurney suffered as he sought employment and housing. The district court found that the economic harm which Gurney suffered was "onerous." The district court reasoned that the "economic or financial loss or harm" contemplated by the Rule was related to the "traditional legal concepts in the law of . . . invasion of proprietary business records." The district court held that Gurney's harm is distinguishable from the type of harm contemplated by the Rule and, in any case, was predominated by the public interest in disclosure as stated in I.C.A.R. 32(a). The district court complied with the requirement of the rule by issuing a finding of fact that "the public's right to know predominates over Mr. Gurney's desire to seal his records." On this basis, it denied relief under Rule 32(i).

As the district court recognized that the decision was committed to its discretion, recognized and applied the applicable legal standard, and did so through the exercise of reason, we are unable to conclude that the decision was an abuse of discretion.

ii. <u>Gurney waived the issue of diminution due to the passage of time by failing to support his argument with any authority.</u>

---

[2] The rule does not explicitly state which party bears the burden of proof. It does, however, state that "[i]f the court redacts or seals records to protect predominating privacy interests, it must fashion the least restrictive exception from disclosure…." The district court determined that the burden was upon the party moving for the records to be sealed. It based this conclusion upon a presumption of transparency and openness – non-exempt records are not sealed unless one successfully moves to seal them. Moreover, because the motion is only granted if the privacy interest predominates, the burden most naturally falls upon the moving party. It is also the case that a moving party usually bears the burden of proof. *See Brown v. City of Pocatello*, 148 Idaho 802, 806, 229 P.3d 1164, 1168 (2010) (holding that the burden for a summary judgment motion is upon the moving party); *Ebert v. Newton*, 97 Idaho 418, 419, 546 P.2d 64, 65 (1976) (plaintiffs bear the burden of proving each element of their case); *Gardner v. Hollifield*, 96 Idaho 609, 611, 533 P.2d 730, 732 (1975) (moving party bears the burden of showing the plaintiff failed to state a claim upon which relief can be granted). *But see In re City of Shelley*, 151 Idaho 289, ___, 255 P.3d 1175, 1180 (2011) ("Once jurisdiction has been called into question, the party asserting jurisdiction has the burden of proving jurisdictional facts."). For these reasons, we agree find that the district court correctly determined that the party moving to seal or redact records bears the burden of proof.

4

Gurney argues that the public interest in disclosure diminishes over time and upon a defendant's successful completion of a diversionary program. He argues this is true as a matter of law. Gurney cites no authority for the proposition that the district court was obligated to consider diminution of the public interest over time. Therefore, the issue is waived on appeal. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

iii. Gurney has not shown that the district court erred by comparing the facts of *Turpen* to his case.

Gurney assigns error to the district court's comparing his case to *State v. Turpen*, 147 Idaho 869, 870, 216 P.3d 627, 628 (2009). The facts of *Turpen* differ from the facts of the case at bar, in that Turpen was acquitted of a misdemeanor, *id*., and Gurney pled guilty to a felony before his conviction was dismissed after he successfully completed drug court. The district court made this distinction in its ruling and noted that the distinction was important, although the district court did not explain this distinction further. We can discern no error in the district court's implicit determination that the public interest in the records of a felony case in which the defendant has pled guilty may be greater than the public interest in a misdemeanor action in which the defendant was found not guilty. More importantly, although Gurney advances the conclusory assertion that the district court erred as a matter of law in this regard, he does not advance legal argument or authority in support of this assertion. Accordingly, this claim is waived. *Zichko*, 129 Idaho at 263, 923 P.2d at 970.

**B. Gurney has failed to properly support his claim of error in the denial of his motion to amend the caption.**

Gurney has not properly supported his claim that the district court erred by denying his motion to amend the caption of this appeal. While he provided argument, he failed to cite to any authority. Such a failure results in the issue being waived on appeal. *Zichko*, 129 Idaho at 263, 923 P.2d at 970.

Moreover, Gurney's argument is plainly contrary to the relevant law. Rule 6 of the Idaho Appellate Rules governs the titles of cases. "The original title of an action or proceeding, *with the names of the parties* in the same order, *shall be retained on appeal*." I.A.R. 6 (emphasis added). The district court may only "correct the title of an appeal." *Id.* There was nothing incorrect in the title of this action. Therefore, Rule 6 did not permit the district court to make the requested change in the title. However, this "Court may amend a title of an appeal or proceeding before it at any time." *Id.* Gurney made such a motion to this Court, which was denied. We

conclude that Gurney has failed to demonstrate that the district court erred by denying his motion to amend the caption of this appeal.

## IV. CONCLUSION

We affirm the order of the district court denying the motion to seal records under I.C.A.R 32 and the motion to amend the caption of the case on appeal.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.