**THE COURT OF APPEALS OF THE STATE OF IDAHO**

| | | |
|---|---|---|
| JOHN (2012-11) DOE, | ) | |
| | ) | **Docket No. 38672** |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | **Docket No. 38784** |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | **2012 Opinion No. 52** |
| | ) | |
| JOHN (2012-11) DOE, | ) | **Filed: October 4, 2012** |
| | ) | |
| Defendant-Appellant. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Order denying motion to seal criminal case file, <u>vacated</u> and <u>case remanded</u>.

Palmer George, PLLC, Coeur d'Alene, for appellant. Michael G. Palmer argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

LANSING, Judge

John Doe appeals from the district court's order denying his motion to seal the criminal case file from his 1990 felony conviction for battery with the intent to commit rape. Because we conclude that the district court did not correctly interpret the law governing Doe's request, we vacate the order and remand for further proceedings.

# I.

# BACKGROUND

In 1990, Doe was charged with battery with the intent to commit rape, Idaho Code § 18-911, and forcible sexual penetration with a foreign object, I.C. § 18-6608. Pursuant to a plea agreement, he pleaded guilty to the battery charge and the remaining offense was dismissed. The district court imposed a unified sentence of six years, with two years fixed. Doe was paroled in 1994. Upon his release, Doe was required to register as a sex offender but, on his motion, in 2006 the district court released him from registration requirements after finding he was no longer a risk to reoffend.

In 2010, Doe filed a motion for an order sealing his criminal case file, as authorized by Idaho Court Administrative Rule 32(i), on the ground that he had suffered economic harm because of public access to information in that file. He said that some of his current employer's clients refused to allow him to work on their projects when background checks revealed that he was a convicted felon. Doe also said that he aspired to become a fire marshal in his community, and a background check disclosing his conviction might hinder his ability to obtain that office.

At the conclusion of the hearing in Doe's motion, which the State expressly did not oppose, the district court orally denied the requested relief, explaining:

> I don't think this rule is calculated to essentially preclude the public from knowing about a previous judgment and commitment that was entered or the crime for which an individual was convicted. . . . I think the rule relates to individuals other than the defendant in terms of potential, what I'm going to state, would be economic or financial loss or harm. I don't think it applies to [Doe] as a defendant; i.e., that is, the consequences of having committed a felony may include financial or economic loss.

The court then directed Doe to prepare an order for the court's signature, and the order drafted by Doe was issued. Doe appeals, contending that the district court abused its discretion when it denied his motion.

# II.

# ANALYSIS

Decisions of a court to grant or deny a request to seal or redact a judicial record are subject to review for abuse of discretion. *State v. Turpen*, 147 Idaho 869, 872, 216 P.3d 627, 630 (2009). On review, we ask:

(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Watkins*, 148 Idaho 418, 421, 224 P.3d 485, 488 (2009); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho's public records law provides that "[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute." I.C. § 9-338(1). Records within court files of judicial proceedings may be exempted from disclosure, however, pursuant to rules adopted by the Idaho Supreme Court. I.C. § 9-340A. The Court adopted Administrative Rule 32 to define when public access to judicial records may be denied. The rule recognizes the public's general "right to examine and copy the judicial department's declarations of law and public policy and to examine and copy the records of all proceedings open to the public," I.C.A.R. 32(a), but also authorizes a custodian judge to seal or redact judicial records in limited circumstances. The 2010 version of I.C.A.R. 32(i),[1] which applied when Doe filed his motion and the district court acted upon it, provided in part:

> Physical and electronic records may be disclosed, or temporarily or permanently sealed or redacted by order of the court on a case-by-case basis. Any interested person or the court on its own motion may move to disclose, redact, seal or unseal a part or all of the records in any judicial proceeding. The custodian judge shall hold a hearing on the motion after the moving party gives notice of the hearing to all parties to the judicial proceeding and any other interested party designated by the custodian judge. In ruling on whether specific records should be disclosed, redacted or sealed by order of the court, the court shall determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates. If the court redacts or seals records to protect predominating privacy interests, it must fashion the least restrictive exception from disclosure consistent with privacy interests. Before a court may enter an order redacting or sealing records, it must also make one or more of the following determinations in writing:
> (1) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
> (2) That the documents or materials contain facts or statements that the court finds might be libelous, or

---

[1]    The rule has since been amended in 2011 and 2012.

(3) That the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or

(4) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals, or

(5) That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial.

In applying these rules, the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons.

Doe requested that his criminal file be sealed under the authority of subsection (3) on the premise that the file contains information that has resulted and will result in economic or financial loss to him through an adverse effect on his employability.

Doe first argues that a remand for reconsideration of his motion is necessary because the district court failed to recognize that it possessed discretion to grant the requested relief. Doe bases this contention on a portion of the district court's written order that states:

THE COURT FURTHER FINDS that I.C.A.R. 32(i) does not provide the Court with the authority to seal a criminal case in whole or with the authority to seal the charging documents and/or the judgment of conviction and sentence entered thereon.

Doe also finds fault with the district court's further statement that:

THE COURT FURTHER FINDS that the provisions of I.C.A.R. 32(i)(3) that speak to sealing a record, ". . . which would reasonably result in economic or financial loss or harm to a person having an interest in the documents . . ." do not apply to a convicted criminal defendant as such harm is the natural consequence of having committed a crime.

Doe asserts that these comments show that the district court erred in its interpretation of the rule by holding that the type of economic harm he asserted as a convicted criminal defendant was not cognizable under the rule. Doe also argues that because the district court found the rule inapplicable to him, it did not comply with the I.C.A.R. 32(i) requirement that "the court shall determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates."

4

Preliminarily we must address the State's assertion that Doe invited the errors he now raises on appeal. The State contends that because Doe, at the district court's request, drafted the order for the judge's signature (after the court's oral ruling), any inaccuracies or omissions therein are at least partly Doe's fault. The doctrine of invited error estops a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Pentico*, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct. App. 2011); *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

We disagree with the State's contention that any errors in the written order were invited by Doe. While the order drafted by Doe does not precisely replicate the district court's ruling at the hearing, its language is substantially consistent with the court's oral pronouncements. At the hearing, the district court did not make a finding of fact as to whether the interest in privacy or public disclosure predominates, so the omission of such a finding from the written order is no fault of Doe. We therefore hold that Doe's appellate arguments are not precluded by the doctrine of invited error.

We proceed, then, to examine Doe's claims of error. He argues that the court erred by holding that as a matter of law I.C.A.R. 32(i) does not authorize the sealing of a criminal case file at the request of the convicted defendant who claims that public access to those records is causing or may cause economic harm. When interpreting a rule of our Supreme Court, Idaho courts apply the same standards of construction as are utilized with statutes. *Miller v. Haller*, 129 Idaho 345, 350, 924 P.2d 607, 612 (1996). "We begin with an examination of the literal words of the rule and give the language its plain, obvious and rational meaning." *Id.*; *State v. Trejo*, 132 Idaho 872, 878, 979 P.2d 1230, 1236 (Ct. App. 1999).

In 2010, Rule 32(i) provided that "any interested person . . . may move to disclose, redact, seal or unseal a part or all of the records in any judicial proceeding." The term "[a]ny interested person" is broad in its sweep and does not exclude an individual convicted in a criminal case. The rule also provided that case records could be sealed if the court found that "the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the

5

documents or materials," *see* I.C.A.R. 32(i)(3), and if the court further found that this privacy interest predominated over the public's interest in disclosure. Again, the language does not preclude relief to a convicted criminal.

Only two Idaho appellate decisions address the application of I.C.A.R. 32(i), and both involve a request to seal a criminal case file. In *Turpen*, 147 Idaho 869, 216 P.3d 627, a person who had been acquitted of a misdemeanor offense moved to seal his criminal case file, asserting economic harm similar to that advanced by Doe in this case, but the magistrate denied the motion. Our Supreme Court reversed and remanded because neither the parties nor the trial court had recognized that the motion was governed by I.C.A.R. 32 and therefore the trial court had not applied the standards set out in the rule. In *State v. Gurney*, 152 Idaho 502, 272 P.3d 474 (2012), the movant had pleaded guilty to a felony but, pursuant to Idaho Code § 19-2604(1), his plea was later set aside and the case dismissed following his exemplary performance in drug court. The movant asserted economic harm similar to that claimed by Doe. Our Supreme Court held that the district court did not abuse its discretion when it determined that the public's interest in disclosure of the criminal proceedings predominated over the movant's privacy interest and that the criminal case file would not be sealed. *Gurney*, 152 Idaho at 504-05, 272 P.3d at 476-77. In neither case did the Supreme Court hold or imply that relief was unavailable under I.C.A.R. 32(i)(3), as a matter of law, for a former criminal defendant (convicted or not) who sought the sealing of a criminal case file, or that the type of economic harm asserted was not cognizable under I.C.A.R. 32(i)(3).

The State argues, however, that the rule's inapplicability to the type of economic harm claimed by Doe is made clear by the following sentence from I.C.A.R. 32(i): "In applying these rules, the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate or financially sensitive material about persons." According to the State, the reference to "invasion of proprietary business records" limits the economic interest protected by the rule to business-related economic loss such as that which could arise from revelation of trade secrets or similar proprietary information. We are unpersuaded. The sentence in question broadly suggests factors for a custodian judge's consideration. It does not purport to impose a narrow and rigid boundary upon the type of financial loss or economic interest that may be considered by a court on a motion to seal judicial

6

records.[2]  We find in that sentence no intent by our Supreme Court that I.C.A.R. 32(i)(3) is to protect only businesses' economic interests while leaving the personal financial interests of individuals unprotected.

We conclude that Rule 32(i) gives the court discretion to consider the many types of economic or financial loss that may be reasonably asserted as a claimed justification for sealing court records, including financial harm asserted by those convicted of crimes.  Therefore, we hold that the district court here misinterpreted the rule and consequently did not recognize that it possessed discretion to order the sealing of a criminal record in this circumstance.

That is not to suggest, however, that the motion must be granted here or in any similar case.  On remand, the district court will have broad discretion to determine whether Doe's claim of economic harm is so compelling as to outweigh the overarching public interest in disclosure.  Because the public interest in access to criminal court records is obviously weighty, we surmise it would be an exceptional circumstance where a custodian judge would find that interest exceeded by a convicted person's assertion of economic harm flowing from the conviction.  But this surmise is not a substitute for the custodian judge's proper application of the rule by making the required finding as to whether the movant's interest in privacy or the public interest in disclosure predominates.

Therefore, the district court's order is vacated and this case is remanded for further consideration of Doe's motion in accordance with this opinion.

---

[2]  We note that the district court that denied a defendant's motion for sealing a criminal case file in *Gurney* apparently took the position that is argued by the State here.  According to the *Gurney* opinion:

> The district court reasoned that the "economic or financial loss or harm" contemplated by the rule was related to the "traditional legal concepts in the law of . . . invasion of proprietary business records."  The district court held that Gurney's harm is distinguishable from the type of harm contemplated by the Rule and, in any case, was predominated by the public interest in disclosure as stated in I.C.A.R. 32(a).

*Gurney*, 152 Idaho at 505, 272 P.3d at 477.  Thus, the district court there expressed alternative bases for its decision--that the claimed harm was not covered by the rule and, even if it was, the claimed harm was outweighed by the public interest.  The Idaho Supreme Court neither expressly endorsed nor expressly rejected the first alternative basis, but held that the court "complied with the requirement of the rule by issuing a finding of fact that 'the public's right to know predominates over Mr. Gurney's desire to seal his records,'" *id.*, and the Supreme Court held that this constituted a proper exercise of the district court's discretion.

Judge MELANSON **CONCURS.**

Chief Judge GRATTON, **SPECIALLY CONCURRING**

I concur.  However, I write separately only[1] in an effort to further address the question of the types of privacy interests which Idaho Court Administrative Rule 32 contemplates may support sealing of otherwise public documents.

Rule 32 requires a determination whether an individual's privacy interest or the public's interest in disclosure predominates.  The rule requires a finding, in writing, of one of several privacy interests:

> (1) That the documents or materials contain *highly intimate facts or statements*, the publication of which would be *highly objectionable to a reasonable person*, or
> (2)  That the documents or materials contain facts or statements that the court finds might be *libelous*, or
> (3)  That the documents or materials contain facts or statements, the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or *compromise the security of personnel*, records or public property of or used by the judicial department, or
> (4) That the documents or materials contain facts or statements that might *threaten or endanger the life or safety of individuals*, or
> (5)  That it is necessary to temporarily seal or redact the documents or materials to preserve the *right to a fair trial*.

I.C.A.R. 32(i) (emphasis added).  As can be readily seen, the privacy interests apparently contemplated by the rule include those in documents containing highly intimate facts or libelous statements and information which may compromise security, threaten or endanger the life or safety of individuals, or impact a fair trial.  In fact, consistently, the rule further states:

> In applying these rules, the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons.

The tension in this case appears to come from attempting to square the types of privacy interests highlighted above with the additional privacy interest identified in subsection (3) regarding documents "the dissemination or publication of which would reasonably result in

---

[1]     By its terms, Rule 32 applies to "records in any judicial proceeding."  Therefore, records in criminal proceedings, being judicial, are not categorically excluded from application of the rule.

economic or financial loss or harm to a person." The privacy interests highlighted above are those, or are akin to those, protectable--outside the public record domain--through independent causes of action. The State asks us to similarly construe the "economic or financial loss or harm" interest, citing specifically the reference in the last quote above to "invasion of proprietary business records." In other words, the State contends that the "economic or financial loss or harm" interest is not just any incidental or consequential loss or harm which could flow from information in a judicial record, but that which has the same protectable privacy interest quality and character as the other referenced interests. In this case, the economic or financial loss or harm alleged may be characterized as lost occupational income or opportunity because of documents reflecting a felony conviction. The State would have us hold, categorically and as a matter of law, that such alleged loss does not implicate a privacy interest cognizable under the rule. The district court agreed with the State, holding that the provisions of Rule 32(i)(3) "do not apply to a convicted criminal defendant as such harm is the natural consequence of having committed a crime."

Rule 32(i)(3) does not expressly exclude lost occupational income or opportunity from the economic or financial loss or harm set out in the rule. Nor does Rule 32(i)(3) expressly exclude criminal conviction documents from being that "the dissemination or publication of which would reasonably result in economic or financial loss or harm."[2] The sentence in the rule which directs the court to certain traditional legal concepts "in applying these rules," is not an express categorical limitation, but a direction in the analysis to be employed by the court. If lost occupational income or opportunity resulting from disclosure of criminal conviction information were categorically excluded from Rule 32(i) by its terms, or as a matter of law in application of the "traditional legal concept" language, the Idaho Supreme Court in *State v. Gurney*, 152 Idaho 502, 272 P.3d 474 (2012) or *State v. Turpen*, 147 Idaho 869, 216 P.3d 627 (2009), could have easily so held, but did not do so. Therefore, the proper analysis is to consider the economic or financial harm or loss alleged in light of the "traditional legal concepts" set out in the rule and then weigh any privacy interest identifiable therefrom with the public's right to know to determine which predominates.

---

[2] The district court also held that Rule 32(i) does not provide the court with "authority to seal the charging documents and/or the judgment of conviction and sentence entered thereon."

I cannot agree with the majority's opinion with respect to the import of the sentence in the rule relating to the application of the traditional legal concepts identified therein. The majority states that the sentence "broadly suggests factors" for the court's consideration and "does not purport to impose a narrow and rigid boundary upon the type of financial loss or economic interest that may be considered." On the contrary, I believe the sentence is, in fact, intended to rather narrowly circumscribe the financial loss or economic interests contemplated in the rule to those which are consistent with the identified "traditional legal concepts." The point is that the privacy interest asserted must be akin to the privacy interests protected within those "traditional legal concepts." Therefore, I do think that there may be categories of public documents and information that simply do not constitute the type of privacy interest contemplated within the rule. However, on the state of this record I am not inclined to so hold. The district court here stated that the asserted "harm is the natural consequence of having committed a crime." While perhaps the court was attempting to state that the privacy interest or financial loss alleged here is not consistent with application of the "traditional legal concepts," it did not so state. In addition, even with such a determination, *Gurney* appears to further require the issuance of a finding of fact that the public's right to know predominates over any interest of the movant. Consequently, I join in remanding to the district court for further proceedings.