Chief Judge GRATTON,
Specially Concurring.
I concur. However, I write separately only[1] in an effort to further address the question of the types of privacy interests which Idaho Court Administrative Rule 32 contemplates may support sealing of otherwise public documents.
Rule 32 requires a determination whether an individual’s privacy interest or the public’s interest in disclosure predominates. The rule requires a finding, in writing, of one of several privacy interests:
(1) That the documents or materials contain highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, or
(2) That the documents or materials contain facts or statements that the court finds might be libelous, or
(3) That the documents or materials contain facts or statements, the dissemina *691 tion or publication of which would reasonably result in economic or financial loss or harm to a person having an interest in the documents or materials, or compromise the security of personnel, records or public property of or used by the judicial department, or
(4) That the documents or materials contain facts or statements that might threaten or endanger the life or safety of individuals, or
(5) That it is necessary to temporarily seal or redact the documents or materials to preserve the right to a fair trial.
I.C.A.R. 32(i) (emphasis added). As can be readily seen, the privacy interests apparently contemplated by the rule include those in documents containing highly intimate facts or libelous statements and information which may compromise security, threaten or endanger the life or safety of individuals, or impact a fair trial. In fact, consistently, the rule further states:
In applying these rules, the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation, and invasion of proprietary business records as well as common sense respect for shielding highly intimate material about persons.
The tension in this case appears to come from attempting to square the types of privacy interests highlighted above with the additional privacy interest identified in subsection (3) regarding documents “the dissemination or publication of which would reasonably result in economic or financial loss or harm to a person.” The privacy interests highlighted above are those, or are akin to those, protect-able — outside the public record domain— through independent causes of action. The State asks us to similarly construe the “economic or financial loss or harm” interest, citing specifically the reference in the last quote above to “invasion of proprietary business records.” In other words, the State contends that the “economic or financial loss or harm” interest is not just any incidental or consequential loss or harm which could flow from information in a judicial record, but that which has the same protectable privacy interest quality and character as the other referenced interests. In this case, the economic or financial loss or harm alleged may be characterized as lost occupational income or opportunity because of documents reflecting a felony conviction. The State would have us hold, categorically and as a matter of law, that such alleged loss does not implicate a privacy interest cognizable under the rule. The district court agreed with the State, holding that the provisions of Rule 32(i)(3) “do not apply to a convicted criminal defendant as such harm is the natural consequence of having committed a crime.”
Rule 32(i)(3) does not expressly exclude lost occupational income or opportunity from the economic or financial loss or harm set out in the rule. Nor does Rule 32(i)(3) expressly exclude criminal conviction documents from being that “the dissemination or publication of which would reasonably result in economic or financial loss or harm.”[2] The sentence in the rule which directs the court to certain traditional legal concepts “in applying these rules,” is not an express categorical limitation, but a direction in the analysis to be employed by the court. If lost occupational income or opportunity resulting from disclosure of criminal conviction information were categorically excluded from Rule 32(i) by its terms, or as a matter of law in application of the “traditional legal concept” language, the Idaho Supreme Court in State v. Gurney, 152 Idaho 502, 272 P.3d 474 (2012) or State v. Turpen, 147 Idaho 869, 216 P.3d 627 (2009), could have easily so held, but did not do so. Therefore, the proper analysis is to consider the economic or financial harm or loss alleged in light of the “traditional legal concepts” set out in the rule and then weigh any privacy interest identifiable therefrom with the public’s right to know to determine which predominates.
I cannot agree with the majority’s opinion with respect to the import of the sentence in the rule relating to the application of the traditional legal concepts identified therein. The majority states that the sentence “broadly suggests factors” for the court’s *692 consideration and “does not purport to impose a narrow and rigid boundary upon the type of financial loss or economic interest that may be considered.” On the contrary, I believe the sentence is, in fact, intended to rather narrowly circumscribe the financial loss or economic interests contemplated in the rule to those which are consistent with the identified “traditional legal concepts.” The point is that the privacy interest asserted must be akin to the privacy interests protected within those “traditional legal concepts.” Therefore, I do think that there may be categories of public documents and information that simply do not constitute the type of privacy interest contemplated within the rule. However, on the state of this record I am not inclined to so hold. The district court here stated that the asserted “harm is the natural consequence of having committed a crime.” While perhaps the court was attempting to state that the privacy interest or financial loss alleged here is not consistent with application of the “traditional legal concepts,” it did not so state. In addition, even with such a determination, Gurney appears to further require the issuance of a finding of fact that the public’s right to know predominates over any interest of the movant. Consequently, I join in remanding to the district court for further proceedings.

. By its terms, Rule 32 applies to "records in any judicial proceeding.” Therefore, records in criminal proceedings, being judicial, are not categorically excluded from application of the rule.

. The district court also held that Rule 32(1) does not provide the court with "authority to seal the charging documents and/or the judgment of conviction and sentence entered thereon.”